In the Matter of the Application of E. KELSEY SCOTT and Others, Petitioners, for an Order of Certiorari against WILLIAM S. TITUS and Others, Comprising the Town Board of the Town of Irondequoit, Monroe County, New York, Respondents.

Supreme Court, Monroe County, February 27, 1928.

Certiorari — return — under Civil Practice Act, §§ 288, 292, examination before return in certiorari proceedings will not be granted as to matters not bearing upon jurisdiction of inferior tribunal and regularity of proceedings sought to be reviewed.

Defendants are not entitled, under sections 288 and 292 of the Civil Practice Act, to an examination of petitioners to prepare their return in certiorari proceedings where the matters do not bear upon the jurisdiction, power or authority of the inferior tribunal and the regularity of the proceedings sought to be reviewed.

MOTION by the defendants, under sections 288 and 292 of the Civil Practice Act, for an order for an examination of the plaintiffs, to prepare their return, and for an extension of time.

*MacFarlane & Harris*, for the petitioners.

*Wile, Oviatt & Gilman*, for the respondents.

RODENBECK, J. This is a statutory proceeding in which definite questions are reviewable. (Civ. Prac. Act, § 1304.) There is no authority for the consideration of the equitable defenses for which an examination is asked. The office of the writ is " the review of all questions of jurisdiction, power and authority of the inferior tribunal to do the acts complained of, and all questions of regularity in the proceedings, that is, all questions whether the inferior tribunal has kept within the boundaries prescribed for it by the express terms of the statute law or by well-settled principles of the common law." (*People* v. *Board of Assessors*, 39 N. Y. 81, 88.) The Legislature has not yet turned this proceeding into the form of an equitable action in which questions of waiver, laches and estoppel are reviewable. (Civ. Prac. Act, § 1304.) The language at the end of paragraph 5 of the order of August 24, 1927, must be construed to refer to other acts and proceedings of the town officers relating to the subject to be reviewed.

The Appellate Division may, in its discretion, quash the writ and remand the petitioners to an equitable action in which the alleged defenses may be set up. (*People* v. *Stilwell*, 19 N. Y. 531.)

The motion for examination is denied and respondents' time to file a return is extended to March 15, 1928.

So ordered.